IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYVELL VANN,

    Plaintiff,

vs.                                        No. CV 20-00361 KWR/KBM

MARGARET KATZE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under § 1915A on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1331 ("Complaint") filed by Plaintiff Rayvell Vann. (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

Plaintiff Vann is a prisoner proceeding pro se. (Doc. 1). The Court has the discretion to dismiss a pro se complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

1

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Vann asserts claims against his criminal defense counsel under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 arising out of his criminal conviction in case No. CR 12-00966 PJK. (Doc. 1 at 4-5). This is Vann's second civil rights case against his defense counsel. *See Vann v. United States,* No. CV 16-01203 MV/GJF. Vann's prior claims against all defendants, including Margaret Katze, were dismissed without prejudice for failure to state a claim on which relief can be granted. Vann has also filed four motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. *See* CR 12-00966 PJK and CV 16-01204 PJK/LAM, CV 19-00074 PJK/GJF, CV 19-00421 PJK/KBM, and CV 19-00809 PJK/KBM. Vann's first § 2255 motion was dismissed on the merits and his subsequent motions have been dismissed for failure to

follow the second or successive § 2255 procedural requirements.

Vann was convicted of possession with intent to distribute 100 grams and more of a mixture and substance containing a detectable amount of Phencyclidine (PCP) and possession with intent to distribute Codeine and was sentenced to 180 months imprisonment. (CR 12-00966 PJK Doc. 227). In his Complaint, Vann alleges Sixth Amendment and due process violations from ineffective assistance of counsel in his criminal case. (Doc. 1 at 4-5). Vann claims his counsel, Defendant Katze, failed to challenge the Section 851 enhancement to his criminal sentence on appeal. (Doc. 1 at 4-5). Vann seeks $20 million in damages. (Doc. 1 at 6).

Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law. Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011). The state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Stone v. Elohim, Inc.*, 336 Fed.App'x 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). Vann's criminal defense attorney, Katze, was not acting under color of state law in defending him against federal criminal charges in federal court. *Allred v. McCaughey*, 257 F. App'x 91, 92–93 (10th Cir. 2007).

The Court could construe Vann's Complaint to allege claims against Katze under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). However, the Complaint also fails to state any claim for relief pursuant to *Bivens*. *Bivens* creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials.

To raise a *Bivens* claim, Vann must show that Defendant Katze was a federal officer acting under color of federal law. *Bivens,* 403 U.S. at 389, 91 S.Ct. 1999. However, an attorney appointed by a federal court is not a federal officer and does not act under color of federal law when performing the traditional functions of counsel to a criminal defendant.  As a result, public defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens. Allred v. McCaughey*, 257 F. App'x at 92–93. As Vann has already been advised in case No. CV 16-01203 MV/GJF, because Katze is not a federal officer, Vann cannot state a *Bivens* claim for relief against her.

Moreover, even if the Defendant Katze was acting under color of either state or federal law, Vann's claims would still be barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994).  In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Vann's claims are more properly characterized as *Bivens* claims than as § 1983 claims. However, any *Bivens* cause of action Vann asserts would still be barred under *Heck*.  The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions and against state officials under 42 U.S.C. § 1983. *Doe v. District of Columbia,* 697 F.2d 1115, 1123 (D.C. Cir.

1983). *Heck* rests on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor. *Heck,* 512 U.S. at 484-87. There is no basis for distinguishing the statutory cause of action against state officers under § 1983 and the judicially devised *Bivens* cause of action against federal officials. *See Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995) (per curiam); *Tavarez v. Reno,* 54 F.3d 109 (2d Cir.1995) (per curiam); *Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994) (per curiam).

The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck. See Harris v. Fulwood,* 611 F. App'x 1, 2 (D.C. Cir. 2015). Vann's Request for Relief specifically asks the Court to award him damages for an alleged wrongful enhancement of his criminal sentence. (Doc. 1 at 4-6). Vann's request for relief clearly necessitates the invalidation of his sentence. Because a favorable ruling on Vann's claims would require treating his conviction and sentence in No. CR 12-00966 PJK as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The claims against the Defendant Katze is barred by *Heck* and, therefore, fail to state a claim upon which relief can be granted under § 1915A.

The Court will dismiss Vann's Complaint without leave to amend. This is the second time Vann has been advised that, regardless of whether Vann is asserting his claims under § 1983 or through a *Bivens* action, he is still seeking to invalidate his criminal sentence (Doc. 1 at 4-6). Therefore, any cause of action would be barred by *Heck.* Granting Vann further opportunity to

5

file claims that he has already been told are not viable would be futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991).

The Court will also dismiss Vann's Complaint under Fed. R. Civ. P. 41(b). On April 22, 2020, the Court ordered Vann either pay the filing fee for this case or submit an application to proceed *in forma pauperis* within 30 days. In addition, the Court sent him the necessary forms to proceed under 28 U.S.C. § 1915 for him to fill out and return to the Court (Doc. 2). Vann did not pay the fee or submit an application to proceed but, instead, sought an extension of time. (Doc. 4). The Court granted Vann a thirty-day extension of time to June 22, 2020 to comply with the Court's Order. (Doc. 5). Rather than complying with the Court's Order, on April 23, 2020, Vann sought a second 60 to 90-day extension of time, claiming that he lacks access to a law library during the COVID-19 lockdown at his current prison facility. (Doc. 6). Access to a law library is unnecessary for Vann to comply with the Court's Order, the Court will deny his untimely request for a second extension of time, and the Court will also dismiss the case under Fed. R. Civ. P. 41(b) for failure to comply with a Court order.

**IT IS THEREFORE ORDERED**

(1) Plaintiff Rayvell Vann's second request for an extension of time (Doc. 6) is **DENIED**; and

(2) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1331 filed by Plaintiff Rayvell Vann is **DISMISSED** with prejudice for failure to state a claim under § 1915A and for failure to comply with a Court Order under Fed. R. Civ. P. 41(b).

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE